UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEREK REASOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-02363-JRO-KMB |
| | ) |
| CHRISTOPHER BERRY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT, RESOLVING PENDING MOTIONS,
AND PROVIDING OPPORTUNITY TO AMEND**

Plaintiff Derek Reasor, an inmate currently incarcerated at Pendleton Correctional Facility, initiated this action based on events that occurred when he was a pretrial detainee at Marion County Jail ("the Jail").

Reasor alleges in this civil rights action that Defendants violated his Eighth and Fourteenth Amendment rights by denying him out-of-cell recreation time. Because Reasor is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).[1]

**I.**

**SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

---

[1] As an initial matter, Reasor 's motion to correct error, dkt. [10], is **GRANTED** to the extent that the Court utilizes the correct spelling of the defendants' names in this screening order. Reasor may correct the spellings of the defendants' names if he files an amended complaint.

determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.

## THE COMPLAINT

Reasor 's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names six defendants in the "parties" section: (1) Lt. Christopher Berry, (2) Captain Walterman, (3) Officer David Greene, (4) Officer Kameron Mitchell, (5) Officer Anthony Williams, and (6) Officer Swhenu Whenu. Dkt. 1 at 1–2. The complaint also lists Officer Richardson and Marion County Sheriff's Office in the caption. *Id.* at 1. Reasor was a pretrial detainee at all relevant times. Dkt. 1 at 2.

In his complaint, Reasor alleges that each of the six party-defendants denied him his one hour of out-of-cell exercise five days a week while he was in segregation from September 26, 2023, through February 9, 2024. *Id.* at 2. These

2

officers were in charge of the juvenile block of the Marion County Jail.[2]  The defendants would not let the inmates write grievances or use the kiosk except to order commissary.  *Id.* at 3.  They also prevented Reasor from accessing the law library.  *Id.* at 4.

Officer Richardson, a third shift officer, would not turn the lights off for the first thirty days of Reasor's stay in segregation.  *Id.*  Reasor does not say what, if any, impact this lighting had on him.  Reasor complained to jail deputies about the constant lighting, and they told him it was "not against policy."  *Id.*

Lt. Berry was in charge of DHB inmates and only gave them 20–30 minutes of recreation three times a week.  *Id.* at 3.  Captain Walterman was the supervisor, and despite inmates telling him they were being denied recreation, he said the inmates were "lying."  *Id.*

Around November of 2023, "the officers listed above" did not give the inmates recreation for five days straight, and juveniles broke windows and flooded cells.  *Id.* at 4.  Reasor seeks monetary damages.  *Id.* at 6.

---

[2] The Court takes judicial notice of the case summary in case number 49D30-2307-MR-019466, available at mycase.in.gov.  According to the charging information, Reasor was 16 years old when he was arrested and charged with two counts of murder, amongst other charges.  Because of his age and the nature of his crimes, he was prosecuted in adult criminal court.  *See* Ind. Code 31-30-1-4.

### III.

### DISCUSSION OF COMPLAINT

For the following reasons, the complaint is **dismissed for failure to state a claim** upon which relief can be granted.

Because Reasor was a pretrial detainee, his recreation-related conditions of confinement claims arise under the Due Process Clause of the Fourteenth Amendment. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). The Court must assess whether the alleged conditions were "objectively unreasonable and 'excessive in relation to' any legitimate non-punitive purpose." *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)).

As pled, Reasor 's allegations do not support an inference that he was held in objectively unreasonable conditions. As an initial matter, only receiving 20–30 minutes of recreation time three times a week for a duration of approximately five months does not amount to a constitutional violation. *See Delaney v. DeTella*, 256 F.3d 679, 683–84 (7th Cir. 2001) ("Although we have recognized the value of exercise and its medicinal effects, we have also consistently held that short-term denials of exercise may be inevitable in the prison context and are not so detrimental as to constitute a constitutional deprivation." (citations omitted)); *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997) (denial of "yard time" for 70 days was not unconstitutional); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (denial of recreation for 28 day was not unconstitutional).

Reasor alleges that he went. at most, five days without any recreation time whatsoever. Five days without any recreation does not violate the Constitution

and therefore Reasor 's claim regarding denial of a "full hour of recreation time five days a week" is **dismissed.** *See Gilmore v. Anderson*, No. 22-2989, 2023 WL 4118577, at *2 (7th Cir. June 22, 2023) (unpublished) (affirming dismissal at screening of case where pretrial detainee was held in his cell for 40 to 48 hours six times over an 11-month period, finding that these claims did not arise to a constitutional deprivation).[3]

To the extent Reasor intends to bring a claim related to denial of grievances or the grievance procedure, that claim must be **dismissed** because an inmate has no due process right to a grievance process. Failing to respond to grievances or failing to follow the facility grievance policy does not violate the Constitution. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)).

Reasor's allegations related to the constant illumination by Officer Richardson also must be **dismissed** for failure to state a claim. Reasor does not provide information on the level of lighting or allege that it was "objectively substandard." *Vasquez v. Frank*, 290 F. App'x 927, 929 (7th Cir. 2008). In

---

[3] The Court is mindful that Reasor was a minor when he was held as a pretrial detainee. In *Bergren v. City of Milwaukee*, 811 F.2d 1139, 1143–44 (7th Cir. 1987), the Seventh Circuit cautioned that "[i]n assessing whether the treatment of the detained juvenile satisfies the requirements of due process, it is quite appropriate—indeed necessary—to consider that in such an environment juveniles may indeed have different needs and more importantly, different capacities than adults." Still, this Court has located no case suggesting that a youthful detainee is entitled to more recreation than an adult detainee as to suggest that Reasor has stated a claim.

*Vasquez*, the panel found that "24–hour lighting involving a single, 9–watt fluorescent bulb does not objectively constitute an 'extreme deprivation'" as required to make out an Eighth Amendment conditions of confinement claim. *Id.* Reasor does not detail the strength of the lighting or argue it posed him any harm; thus he fails to state a constitutional claim regarding the lighting while he was in segregation.

Next, to the extent Reasor alleges that he was denied access to the law library, that claim must be **dismissed** for failure to state a claim. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id.* (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id.* at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury

requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017).

In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and he may seek redress for a violation of this right only if the defendants' conduct prejudices a potentially meritorious legal claim. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, a plaintiff must "spell out, in minimal detail" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.* Reasor does not provide any details regarding any constitutional violation that occurred by limited law library access as to plausibly infer that he was denied access to the courts in violation of the First Amendment.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the amended complaint is subject to dismissal.

**IV.**

**OPPORTUNITY TO FILE AMENDED COMPLAINT**

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow Reasor to amend his complaint again if, after reviewing this Court's order, he believes that

he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through May 8, 2026, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, 1:25-cv-02363-JRO-KMB and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original complaint. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If Reasor files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause, for failure to state a claim upon which relief can be granted.

**V.**

**MOTION FOR COUNSEL**

Reasor has filed a motion to appoint counsel. Dkt. [12]. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). "'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Further, "the merit of a plaintiff's claim is another factor a district court may consider while making an individualized determination whether to recruit counsel based on the plaintiff and the claim in front of it." *Watts*, 42 F.4th at 766. Here, Reasor has been able

to present the claims in his complaint in a cogent manner.  But this case is in very early stages of litigation.

The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013); *see also Mapes v. Indiana*, 932 F.3d 968, 971 (7th Cir. 2019) (acknowledging "the difficulty in accurately evaluating the need for counsel in the early stages of pro se litigation").  At this juncture, the Court concludes that Reasor is capable of preparing an amended complaint and litigating the case on his own.  Under these circumstances, it is not in the interest of justice to appoint an attorney to assist Reasor with this case.  The motion to appoint counsel, dkt. [12], is **denied without prejudice as premature**.

Further, to facilitate the process of evaluating requests for counsel, the Court has prepared a form motion to be used by indigent litigants seeking appointment of counsel.  The form requests the information necessary for the Court to evaluate the merits of the motion and requires the litigant to acknowledge important conditions of the appointment of counsel.  **The clerk is directed** to send Reasor a copy of the form motion with his copy of this Order.  Reasor must use this form if he renews his request for counsel.

## VI.

## CONCLUSION

For the above reasons, Reasor's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.  He has through **May 8, 2026**, to file an amended complaint.  Otherwise, this action will be dismissed.

Reasor 's motion to correct error, dkt. [10], is **GRANTED** to the extent that the Court used the correct spelling of the defendants' names in this screening order.

Reasor 's motion for counsel, dkt. [12], is **DENIED without prejudice**.

**The clerk is directed** to send Reasor a copy of the motion for assistance with recruiting counsel form and the civil rights complaint form with his copy of this Order.

**SO ORDERED.**

Date: 4/8/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

DEREK REASOR
284648
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

11